CROKE, Estate of, In re: CLEVELAND TRUST CO. Admr. etc.,
Plaintiff-Appellant, v. CLANCY, Extrx. etc.,
Defendant-Appellee.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 21709.    Decided April 17, 1950.

Baker, Hostettler & Patterson, Cleveland, for plaintiff-appellant.

W. J. O'Neill, Robert Newton, Cleveland, for defendant-appellee.

## OPINION

By SKEEL, PJ.

This appeal comes to this Court on questions of law from a final order of the Probate Court of Cuyahoga County, entered on August 26, 1949, in which the Probate Court on application of the Executrix of the estate of the widow of Thomas E. Croke, deceased, increased the year's allowance from $750.00, fixed by the appraisers of the within estate, to $5000.00, or $4250.00 in addition to the amount awarded by the appraisers.

Thomas E. Croke died testate on April 18, 1948. By the terms of his will he provided in part that his widow, in addition to other benefits, was to have the entire net income of the estate during her life and after her death the testator's daughter was to receive the residue.

Item II of the will provided:

"II. The provisions herein made for my wife, Mary J. Croke, shall be in lieu of her dower and distributive share of my estate but not in lieu of any other rights or benefits conferred by law upon surviving wives."

The record discloses that appraisers were appointed as provided by law and also a suitable person to advise the widow of her rights under the will and also under the law of descent and distribution.

Before the appraisers set off the widow's allowance the widow died. The date of her death was July 31, 1948. She survived her husband by three months and thirteen days. After her death the appraisers set off, to-wit, on July 20, 1949, the widow's allowance in the sum of $750.00.

The estimated net value of the estate was $77,963.00.

On August 2, 1949, the executrix of the estate of the widow, Mary J. Croke, filed exceptions to the year's allowance, together with a motion to increase such allowance. The exception and motion came on for hearing on August 26, 1949, and upon consideration the court vacated the award of the widow's allowance entered by the appraisers in the sum of $750.00 and increased the same to $5000.00. The application filed by the executrix of the estate of Mary J. Croke, provided in part as follows:

"Now comes Anna Clancy, Executrix of the Estate of Mary J. Croke, deceased, widow of Thomas E. Croke, deceased, and respectfully represents that the appraisers of the personal estate of said Thomas E. Croke, allowed the sum of Seven Hundred and Fifty Dollars ($750.00) of money for the support of said Mary J. Croke for one year; that said sum is and would have been wholly insufficient to support said Mary J. Croke, for a period of twelve (12) months, and that she would have required an additional sum of Four Thousand Two Hundred and Fifty Dollars ($4250.00); that said Mary J. Croke was at the time of the death of her husband seventy-four years of age and in ill health, and incapable of taking care of herself and required medical attention and constant nursing care."

The year's allowance as set forth in Schedule G, was in part as follows:

"The said decedent leaving Mary J. Croke, widow who died July 31, 1948, and no children under the age of eighteen years, we do set off and allow to her sufficient provisions or other property to support her for twelve months from the decedent's death, to-wit, * * * And there not being sufficient personal property, or property of a suitable kind, we certify that the sum of Seven Hundred and Fifty Dollars in money, is necessary for the support of such widow and children distributed as follows:

Total money and property allowed $750.00."

The sole question presented here is whether or not the right to a "full year's" allowance survives the death of the widow before the expiration of a year from the date of the death of the husband and before the appraisers have set off such allowance as provided by §10509-74 GC.

Sec. 10509-74 GC provides:

"Year's Allowance to Widow and Children: The appraisers also shall set off and allow to the widow, and children under the age of eighteen years, if any there be, or if there be no widow, then to such children, sufficient provisions or other property to support them for twelve months from the decedent's death but such allowance shall be set off to such children only when necessary for their support, taking into consideration the father's primary duty to care for his children. The probate judge shall have authority to fix the year's allowance, if the appraisers fail to do so, or if for any reason

there is no appraisal. If the widow, or such children, after decedent's death, and previous to such allowance, have consumed any part of the estate for their support, the appraisers shall take that into consideration in determining the amount of the allowance. Any allowance granted to children shall be held by the surviving parent or by the guardian, with power to use it for the children's support."

The face of the record as above set forth discloses clearly that when the appraisers set off the widow's allowance the amount was fixed at $750.00, for the reason that the widow had survived her husband for a period of about three months.

The order of the Probate Court granting the widow's executrix's motion for an increase of the widow's allowance to $5000.00 was made on the basis of what would have been necessary had the widow lived for the full year following the death of her husband.

The answer to the question here presented must be one of first impression, as it seems never to have been decided in this State. It is suggested that the case of **Dorah's Admr. v. Dorah's Execx., 4 Oh St 292,** is determinative of this question. Such, however, is not the case. In the case of Dorah's Admr. v. Dorah's Execx., supra, certain property of the value of $42.87 and an additional sum of $157.13 were set off to the widow as and for her year's allowance. Shortly thereafter and before the expiration of the year, the widow died and this action was instituted by her administrator to enforce the payment of the balance due. The court found for the plaintiff.

Paragraphs 1 and 2 of the syllabus provide:

"1. The death of a widow to whom an allowance has been made under Sections 45 and 46 of the administration law, before the expiration of the year, and before it has all been expended in her support, does not bar the right of her executor to recover the amount unpaid, from the executor of her husband."

"2. Such allowance confers a vested right of property and is not divested by her death, or by any other contingency, occurring after the amount has been fixed and allowed by the proper tribunal."

However, syllabus 3 provides:

"3. Whether upon petition for such cause, the amount might be diminished by the probate court under section 48— quaere?"

And on page 297 of the opinion, Judge Ranney says:

"We have not found it necessary to consider whether the probate court might, upon a petition filed under section 48, take into consideration such circumstances, transpiring after the action of the appraisers, as tended to show that the amount ought to be increased or diminished; or whether the court should be confined to the consideration only of the correctness of the decision made by them, and we therefore express no opinion upon that subject."

So the court expressly makes no finding on the question here presented.

The case of **Barn v. Wick, 14 Oh St 505,** is likewise of no help to either party to this controversy. In that case the widow's allowance was not set off during her lifetime but she did survive her husband by much longer than a year. The court held:

"That where the appraisers neglect to set off and allow to such widow her year's support as required by the statute, and she, after the expiration of the year, dies, without having waived or relinquished her right to such allowance, the same survived to her personal representatives."

The ruling of this case simply finds that the right to a year's allowance after the death of her husband, is an obligation of her husband's estate and if she survives the full year, upon her death thereafter her legal representatives may enforce the obligation due from her husband's estate.

The husband owes the obligation to support his wife out of his property or labor. **(Sec. 7997 GC). Sec. 10509-74 GC,** simply places this obligation on his estate for a period of one year after his death whether the wife has any other means of support or not. The right which is here provided is support and not a distributive share of the husband's estate.

The supreme court in the case of **In re Estate of Metzger, 140 Oh St 50,** at page 53, said:

"* * * Under this wording, both §10509-74 and §10509-57 GC, would appear primarily to contemplate the usual situation where a widow and minor children live for a considerable time following the death of the decedent and the allowances made are essentially for their use, comfort and enjoyment."

See also: **Steward v. Barry, Admr. 102 Oh St 129**

It must be further noted that by the provisions of §10509-121 GC the widow's allowance is third in order of payment, being preceded only by the court costs and funeral expenses not in excess of three hundred dollars. In this section the payment is designated as "support."

It must logically follow, therefore, that if after the husband dies his wife dies also within the period of one year, the obligation of support must end as of the date of her death, and such fact should be considered in setting off the widow's allowance for support if her death occurs before the appraisers act under §10509-74 GC. Or, if they have acted in setting aside her year's support, such finding becomes a vested right in her which can be enforced after her death, subject to being modified by proper action if taken under the provisions of §10509-77 GC, which provides:

"**Sec. 10509-77 GC.** On petition of the widow or other person interested, the probate court may review the allowance made to the widow or children, and increase or diminish it, and make such order in the premises as it deems right."

For the foregoing reasons the order of the Probate Court increasing the widow's allowance from $750.00 to $5000.00 is reversed and the cause remanded for further proceedings according to law. Exc. Order see journal.

McNAMEE, J. Concurs (see concurring opinion)
HURD, J. dissents (see dissenting opinion)

### CONCURRING OPINION

By McNAMEE, J:

For the first time in this state there is presented by this appeal the important question whether the statutes governing a widow's allowance contemplate and require an allowance of support for the full period of twelve months to the executrix of the deceased widow where the widow's death occurs within three and one-half months after the demise of her husband.

Through a miscalculation of time, the appellant failed seasonably to file its bill of exceptions, which upon appellee's motion was stricken from the record. It is now urged that the absence of a bill of exceptions disenables the court from determining the issue raised. With this we disagree.

The single error complained of is demonstrated clearly

upon the face of the record. The weight of the evidence is not involved in this appeal and the assigned error of law emerges from the record with clarity sufficient to obviate all need of recourse to a bill of exceptions.

From the transcript and original papers the following facts among others, appear: Thomas Croke died testate on April 8, 1948, leaving an estate consisting principally of real estate valued at approximately $77,000.00 The Cleveland Trust Company was appointed executor of his estate on April 30, 1948. On July 31, 1948, Mary J. Croke, the decedent's widow, died. More than nine months thereafter, on May 9, 1949, appraisers were appointed in the estate of Thomas E. Croke, deceased. On July 20, 1949, the appraisers filed an inventory and appraisal. In Schedule G thereof the appraisers recorded the death of the widow on July 31, 1948—the fact that there were no children under eighteen years surviving Thomas E. Croke, and awarded an allowance for the support of the widow in the sum of $750.00. On August 2, 1949, Anna Clancy, executrix of the estate of Mary Croke, deceased, filed exceptions to the allowance fixed by the appraisers, combining with such exceptions a motion to increase said allowance to the sum of $5000.00. The application for an increase in the widow's allowance is based upon the premise that the widow's executrix is entitled to receive the amount that would have been required to support the widow, if she had survived her husband for a full period of twelve months.

It is asserted in the motion that the appraisers' allowance of $750.00 "**is and would have been** wholly insufficient to support said Mary J. Croke for a period of twelve months and that she **would have** required an additional sum of $4250.00 * * *." (Emphasis ours.)

We are informed by appellee that the above emphasized language of the motion is borrowed from the third paragraph of the syllabus of **Bane v. Wick, 14 Oh St 505.** In the Bane case the widow survived her husband by more than twelve months and upon application by her executor the court held that "said executor should be allowed **what would have been** a sufficient amount for such year's support." No fault can be found with the incorporation of similar language in the motion for an increase filed in this case. But considering that Mary J. Croke's death occurred within 3-½ months after her husband's demise, the true sense of the averment "that she **would have** required an additional sum of $4250.00 * * *" becomes clear upon the application of an old rule of grammatical construction that permits supplementation of the words of the motion last quoted, by the ellipsis "if she had

lived for a period of twelve months" or words of similar import.

The time of the widow's death must be considered in connection with the averments contained in the motion for an increase in the allowance. When so considered the conclusion is inescapable that the increase was sought upon the theory that the statutes provide for an allowance for a widow's support for a full period of twelve months in all cases, including those in which the widow's death occurs a short time after her husband's demise.

On August 26, 1949, the probate court, acting through a visiting judge, allowed the appellee executrix the sum of $5000.00 as requested in her motion for an increase. We are not told how this judgment is supported, otherwise than by the probate court's adoption of the appellee's view that the statute requires an allowance of support for the full twelve months period irrespective of the time of the widow's death.

The suggestion that the considerations supporting the judgment of the probate court are to be found only in the bill of exceptions misses the point in issue. It is not claimed that $5000.00 is an excessive amount for the widow's support for twelve months. The claim of error is that the probate court misconceived the purpose of the statute and applied an incorrect rule in determining the amount of the allowance. If the rule applied by the probate court is correct, the motion for the allowance cannot be disturbed. Nor is it correct to assume that a reversal of the judgment would require a reinstatement of the appraisers award of $750.00. In the event of a reversal the appellee would be entitled to have her exceptions and motion considered by the probate court in accordance with the law as here determined.

The single assignment of error relates to the action of the probate court in projecting the obligation of the estate of Thomas E. Croke to support his widow 8-½ months beyond her death.

This assignment of error is stated by appellant as follows:

"The Court erred in providing the widow a full year's allowance when her death occurred three and a half months after her husband's death and when the appraisers in setting off the allowance after the widow's death, noted that fact in fixing the allowance at $750.00."

That this alleged error is patent upon the face of the record admits of no doubt.

These principles of law are settled, (1) that the right to a widow's allowance vests in the widow upon the death of her husband; (2) that this right vests in all widows, irrespective of their need for support; (3) that the widow's allowance survives the death of the widow; (4) that the widow's allowance is a preferred debt of the husband's estate.

As a corollary of these established principles appellee asserts that immediately upon the death of a husband there vests in his widow the indefeasible right to receive from her husband's estate a sum equal to the amount required to support the widow for twelve months. Appellee's position rests squarely upon the contention that the statutes confer upon a widow the right to an allowance for support for the full period of one year "regardless of when she dies." It is asserted dogmatically that the executrix in this case is entitled to "a full year's allowance or * * * to nothing." If these claims be sound, then the widow's allowance takes on the character of. a gratuity, the amount of which shall in all cases equal the sum required to support a widow for one year.

To determine the validity of these contentions it is necessary to examine the applicable statutory provisions. The widow's allowance is purely of statutory origin. The pertinent part of §10509-74 GC reads as follows:

"The appraisers shall set off and allow to the widow and children under the age of eighteen years, if any there be, or if there be no widow, then to such children, sufficient provisions or other property to support them for twelve months from the decedent's death, but such allowance shall be set off to such children only when necessary for their support taking into consideration the father's primary duty to care for his children."

In the express terms of this section the legislative purpose to provide support for a widow for a period of twelve months from the husband's death is manifest. The primary legislative concern is not with allowing money to the widow, but with furnishing her with sufficient provisions or other property "to support them (her) for twelve months." An alternative method is provided in §10509-75 GC, which reads in part as follows:

"When there is not sufficient personal property or property of a suitable kind, to set off to the widow or children, as pro-

vided in the next preceding section, the appraisers must certify what sum or further sum in money is necessary for the support of such widow or children. * * *."

These statutes confer the only preferential treatment accorded widows over widowers in the estate of a deceased spouse. By the terms of §10509-54 GC and §10509-79 GC, either surviving spouse is granted the rights, respectively, to select exempt property and to live in the mansion house free of charge. The reason for conferring upon the widow alone the additional right of support for twelve months is apparent. Ordinarily the death of a wife does not disable a widower from continuing his life-long task of earning a livelihood. But it is the lesson of experience that upon the death of the breadwinner of the family his widow immediately suffers a loss of income needed for her support. It is to compensate this loss during the troublous period following the husband's death that the legislature has provided for the widow's support for one year after the husband's death. That a widow's need therefor is not a prerequisite to such an allowance does not bespeak a different legislative intention. What considerations of expediency dictated the omission of a widow's necessity as a condition for the allowance we need not inquire. But this omission does not obscure the predominant legislative purpose to assist widows in need. This is clearly evidenced by the provisions of §10509-74 and 10509-75 GC and cognate sections of the code. These statutes require prompt action of the appraisers in setting off the allowance and equal promptitude in its payment. **Sec. 10509-41 GC** provides that unless the court for good cause extends the time, executors and administrators shall return the inventory within thirty days after their appointment. The appraisers are required to set off the widow's allowance at the time the inventory is returned. **Sec. 10509-74 GC.** When the allowance is in money it shall be paid upon the approval of the inventory or as soon thereafter as money is available for the purpose. **Sec. 10509-75 GC.**

The allowance in money shall bear interest from the date of decedent's death, if demanded. Ibid.

Manifestly widows of independent means are not the intended beneficiaries of these statutory provisions designed to accelerate the award and payment of a widow's allowance. That occasionally and incidentally they may become such has no effect upon the paramount legislative purpose of speedy amelioration of the distress of widows in need. In commenting upon the nature and purpose of the widow's

allowance the Supreme Court in **Stewart v. Barry Admr. 102 Oh St 129-135,** said:

"Since the Code expressly states that the allowance is made 'to support them for twelve months from the decedent's death' it obviously was the intention of the legislature that such support was to be used during the twelve months, and from a reading of §10714 GC, it is the more apparent that it was the intention of the legislature that the year's allowance whether it consisted of provisions or of money with which provisions could be purchased, was to be available to the widow and children under fifteen years of age for their enjoyment during the year succeeding the death of decedent for their maintenance and support until they could adjust themselves to the loss of the providing head of the family. * * *."

Again, in the case of **in re Metzger, 140 Oh St** at page 53, Judge Zimmerman defined the widow's allowance as follows:

"The purpose of the year's allowance is to feed, clothe and otherwise support a widow or a widow and minor children, if any there be, for the stated period of twelve months following the death of the husband and father * + *."

The acceptance of the view that the statutes governing the widow's allowance are geared to the principle of providing support, excludes the notion that the allowance is a gratuity equal to the amount necessary for one year's support or that it is intended to benefit the widow's heirs and legatees not of the husband's blood.

It is unreasonable to conclude that the period of twelve months is an unvariable factor that must be considered in the determination of the amount of the allowance in all cases, irrespective of the time of the widow's death. If such a claim were tenable then the legislation rests upon the contradictory principle that requires support to be furnished after the death of the person to be supported.

In the Metzger case, supra, the supreme court exposed the fallacy of a somewhat similar contention in holding that there could be no widow's allowance where there was no widow. It is equally true that there can be no support of a widow for twelve months if the widow dies before the expiration of that period of time. Where the appraisers or the probate court award or revises an allowance during the widow's lifetime and before the expiration of a year, they must assume the

widow's continuance in life for the full twelve month period. The statute so requires. But when a widow's life is shortened to less than twelve months after her husband's death such an assumption belies the irrevocable fact of the widow's death before the end of the stated period.

We find nothing in the case law on the subject that is opposed to the views hereinabove expressed.

**Bane v. Wick, 14 Oh St 505; Sherman's Excr. v. Sherman's Admr., 21 Oh St 631,** and **In re Crouse, 44 Oh Ap 31,** are authorities holding that where a widow survives her husband for twelve months or more the widow's personal representative is entitled to receive a full year's allowance for the widow's support. These cases declare the principle that an executor or administrator of a deceased widow who survived her husband for a year, is entitled to collect the debt that ought to have been paid to the widow in her lifetime.

**In Re Estate of Shive, 65 Oh Ap 167,** presents a situation where a widow survived her husband by only seven months. The widow's personal representative was allowed to recover a year's allowance but no question appears to have been raised as to the amount of the allowance or the factors to be considered in its determination. In no reported case called to our attention, except **Dorah's Admr. v. Dorah's Exec. 4 Oh St 292,** was there any controversy over the amount to be paid the personal representative of a widow who died within twelve months following the demise of her husband. In that case the appraisers set off an allowance of $200.00. About $58.00 of this amount was paid to the widow before her death which occurred 23 days after the death of her husband. In an action by the widow's administrator to recover the balance of the award, the husband's executor's answer contained the plea that the widow in her lifetime received all that was necessary for her support and her executor was not entitled to the balance of the award. The widow's administrator demurred to this defense. The demurrer was sustanied by the Supreme Court. Judge Ranney speaking for the court stated the issue thus:

"In this case no application was made to the probate court to increase or diminish the allowance; and, consequently, the action of the appraisers was final. But it is averred in the plea and admitted by the demurrer, that enough of the allowance was paid to support the widow until her death; and the question now arises whether the balance may be recovered by her personal representative."

Judge Ranney was careful to note that the action of the appraisers was final because "no application was made to the probate court to increase or diminish the allowance." It was stated in the opinion in the Dorah case that where the allowance has been set off finally "it gives to the widow and children a paramount claim upon enough of the estate to support them for one year, over creditors and distributees; and where it has been fixed or set apart by the appraisers or by the court on review, effectually withdraws it from the balance of the estate, and has all the force and effect of an adjudication in their favor."

The Supreme Court denied the widow's administrator's claim that the amount of the allowance could be revised by the administrator himself or in a proceeding not authorized by the statute. But recognizing the possibility of a different result if recourse were had to the prescribed procedure of applying to the probate court for an increase or decrease in the allowance, Judge Ranney concludes his opinion with the following observation:

"We have not found it necessary to consider whether the probate court might, upon a petition filed under Section 48, take into consideration such circumstances transpiring after the action of the appraisers, as tended to show that the amount ought to be increased or diminished; or whether the court should be confined only to the consideration of the decision made by them, and we therefore express no opinion upon that subject."

The Dorah case is not an authority decisive of the issue here presented but its discussion of the basic principles applicable to the payment of the widow's allowance is illuminating. Of particular interest is the intimation implicit in the question posed, but not decided by Judge Ranney, that the fact of the widow's premature death might be considered upon a petition to increase or diminish the amount of the widow's allowance.

Inevitably, cases will arise where the widow dies before the expiration of the twelve month period and her personal representative will become the unintended beneficiary of that part of the allowance not actually required for the widow's support. This result will obtain in those cases where the allowance as made by the appraisers or determined by the court has become final and unalterable. The statutes provide no method by which such final awards can be changed. But if the appraisers make an allowance the widow thereafter

dies within the twelve month period, the probate court upon a petition for review may and ought to revise the amount of the allowance to give effect to the factor of the widow's death before the expiration of one year. Likewise, if a widow dies before the appraisers act, then the appraisers and the court upon review ought to apply the same rule in determining the amount of the allowance to be paid the personal representative of the widow. Such procedure subserves the purpose of the statute to provide support for the widow and prevents unjust enrichment of her heirs and legatees not of the husband's blood. This construction of the statute does not constitute judicial legislation. It is not an attempt to vary the specific language of the statute that prescribes an allowance of support for twelve months. It simply gives effect to the Providential act that renders compliance with the literal terms of the statute impossible. It conforms strictly with the spirit and purpose of the legislation in cases where the widow's death occurs soon after her husband's demise.

The adoption of the construction contended for by the appellee would produce unreasonable and absurd results. Suppose a widow dies one week after her husband. May the appraisers disregard that fact and in blind obeisance to the literal terms of the statute set off a full year's allowance for support? Or, suppose a widow dies one week after her husband and the appraisers giving effect to the fact of her death, refuse to set off an allowance for a full year's support,—is the probate court upon a petition for review, required to do so? If the answers to the questions stated in the above hypotheses are in the affirmative, it follows that in the supposed circumstances the statute shall be given such effect as to require an allowance of fifty-one weeks support for the sole benefit of the widow's heirs and legatees. The manifest absurdity of such a construction appears in bold relief if it be supposed further that in such cases the fifty-one weeks support is set off in "provisions or other property" instead of being paid in money. What would be true in the case of a widow's death one week after her husband's demise, is equally true to a lesser degree where the widow survives her husband for three and one-half months. In such a case the allowance of an amount required for the full year's support of the widow obligates the husband's estate to assume the burden of support for eight and one-half months after the widow's death, solely for the benefit of the widow's heirs and legatees. Surely the legislature did not intend such unreasonable and absurd consequences.

It is a sound canon of statutory construction that forbids

the presumption that the General Assembly intended to enact a law producing absurd and unreasonable consequences. **37 O. Jur. 643 Sec. 352.**

Upon the death of her husband a widow acquires a vested right to a year's support. But this is not an indefeasible right, the value of which is determined in all cases by the amount required for a full year's support.

**Sec. 7997 GC** imposes the duty upon a husband to support his wife by his labor or out of his property. By virtue of **§10509-74,-75 GC,** the obligation to support a widow devolves upon the husband's estate for a period of one year after his death.

Until the widow's allowance acquires the finality of "an adjudication" the measure of the widow's vested right is co-extensive with the obligation imposed upon the husband's estate. Where the widow dies and the allowance has not attained the status of a fixed and unalterable debt of the husband's estate, there exists no legal impediment against giving effect to the true purpose of the statute which is to provide support for a widow for one year.

**Sec. 10509-77 GC,** which authorizes the court, on a petition to review the allowance "to make such order in the premises as it deems right" contemplates an "order that is in harmony with and not a perversion of this purpose of the statute.

For the reasons hereinabove stated, the judgment of the probate court is reversed and this cause is remanded for consideration of appellee's exceptions and motion to increase the allowance in accordance with the views herein expressed. Exc. Order see journal.

SKEEL, PJ, concurs (see opinion)
HURD, J, dissents (see opinion)

## DISSENTING OPINION

By HURD, J, (Dissenting)

In view of the peculiar state of the record in this case and the unusual facts and circumstances surrounding it, I am unable to concur in the majority opinion of this court and the judgment of reversal of the Probate Court. In my opinion, the judgment of Probate Court should be affirmed for two principal reasons which are basic as follows:

(1) A determination of the issue on appeal necessarily involves a consideration of the weight of the evidence, and there is no bill of exceptions by which evidence may be weighed and prejudicial and reversible error demonstrated and

(2) because there is no error manifest on the face of the record.

The issues herein were joined in the trial court by an appeal to the Probate Court from the award of the appraisers by invoking the provisions of §10509-77 GC which reads as follows:

"On petition of the widow or other person interested, the Probate Court **may review** the allowance made to the widow or children and increase the allowance or diminish it, and make such order in the premises as it deems right." (Emphasis ours.)

Trial was had on the issues joined and the court "having heard the testimony and arguments of counsel and being fully advised in the premises" found the allowance made by the appraisers for the support of the widow for twelve months to be insufficient and ordered and increased the amount therefor as appears by its journal entry as follows:

"On this 26th day of August, 1949, this cause came on to be heard on the petition of Anna Clancy, executrix of the estate of Mary J. Croke, deceased, widow of Thomas E. Croke, for an order of the Court increasing the widow's allowance for a year's support; and the Court **having heard the testimony and arguments of counsel and being fully advised in the premises** finds that all parties having interest in this cause have been duly notified of the filing of the petition as required by law, and the Court further finds that the allowance made by the appraisers of said estate for the support of the widow for twelve months from the death of said decedent in the sum of $750.00 (Seven Hundred and Fifty Dollars) is insufficient and that the same should be increased.

It is therefore ordered that said allowance as fixed by the appraisers be and it is hereby vacated and set aside; **and the Court finds that the sum of $5,000.00 (Five Thousand Dollars) is a proper amount under the circumstances in this case for the year's allowance granted to a widow by §10509-74 GC, which amount the executor of the estate of Thomas E. Croke is ordered to pay to the executrix of the estate of Mary J. Croke, according to law, instead of the amount allowed by said appraisers.** (Emphasis ours.)

The face of the record shows that a bill of exceptions was filed by appellant. On motion this bill of exceptions was stricken from the record by the unanimous action of this court because it was not timely filed in the trial court pur-

suant to §11564 GC. The appellant then proceeded with this appeal claiming error demonstrable on the face of the record.

In my opinion, in the absence of a bill of exceptions, this court cannot conclude that the judgment of the trial court is contrary to the manifest weight of the evidence, nor can we determine that there was an abuse of discretion on the part of the trial judge.

On the record now before us we are unable to determine what evidentiary facts were considered by the trial court in finding that the allowance made by the appraisers for the support of the widow for twelve months was insufficient and the finding and order that an increased sum was proper and should be allowed under the circumstances of this case.

The majority, however, undertake to conclude from the face of the record why the appraisers fixed a certain amount for the widow's year's allowance and why the Probate Court increased that amount under the provisions of §10509-77 GC.

Inasmuch as the judgment of the Probate Court under authority of the statute supersedes that of the appraisers the question of how or why the appraisers arrived at an amount for the widow's allowance is irrelevant and immaterial. Inasmuch as this court cannot read into the record something that does not appear on its face, we are unable to determine why the probate court upon evidence arrived at the increased amount. Certainly we cannot do so by reason of any judicial knowledge of the facts possessed by us. Therefore, any such conclusions on our part must be speculative and merely arguendo from assumed premises.

The provisions of §10509-77 GC are such that broad discretionary jurisdiction is vested in the Probate Court to determine ultimately the amount of the year's allowance to be set off and allowed to the widow under the provisions of §10509-74 GC.

There can be no doubt of the jurisdiction of the probate court upon review to increase or diminish the allowance made by the appraisers under §10509-77 GC, the wording of which is plain and unambiguous. Furthermore, its validity is not under attack in this proceeding. Consequently a reversal of the judgment predicated upon claimed error appearing on the face of the record has the effect of nullifying the provisions of the statute by placing the judgment of the appraisers above that of the court in contravention of the exclusive jurisdiction of the probate court as fixed by the statute.

The award of the probate court upon review is final and conclusive, having the force and effect of an adjudication. In the absence of a bill of exceptions showing the basis of

the adjudication, this court is without jurisdiction to reverse or modify.

For the reasons stated it is my conclusion that we do not have this case before us on this appeal for decision on the merits. Therefore, while I dissent from the judgment and opinion of the majority I see no point in entering into a discussion of issues which, according to my view, are not before us for determination. I conclude, therefore, that the judgment of the probate court should be affirmed.

## ON APPLICATION FOR REHEARING AND MOTION TO CERTIFY

No. 21709.    Decided May 15, 1950.

### OPINION

By SKEEL, PJ.

The motion of the exceptor appellee for a rehearing, or in the alternative to certify the record of this appeal to the Supreme Court on the ground that the court's conclusions of law are in conflict with the holding of the Court of Appeals of the Seventh District in the case of **In re Estate of Shive, 65 Oh Ap 167**, is here presented by the briefs of both parties.

The Court is indebted to counsel on both sides of this controversy for presenting for the Court's assistance exhaustive studies of the available authorities on the question here presented. The Court is fully cognizant of the importance of the question here presented. It is a matter which should be finally determined by the highest Court of the State so that all doubt may be eliminated in the proper administration of the estate.

We cannot agree, however, that the conclusion reached by this Court will "act as a signal to executors of husbands' estates to avoid the timely filing of inventories and the fixing of widows' allowances" when such conduct would give some supposed advantage to the husbands' estates. The probate court's power of supervision over the administration of estates is a sufficient answer to any such suggestion. **Sec. 10509-74 GC** provides in part:

"The probate judge shall have authority to fix the year's allowance if the appraisers fail to do so, or if for any reason there is no appraisal."

What is important is to see to it that the funds of an estate are distributed and used for the purposes intended by the deceased with such restrictions only as are provided by law. It was the conclusion of this court that the year's allowance provided for by §10509-74 GC, was intended to continue the husband's obligation of the support of his widow after his death out of the corpus of his estate for a period not exceeding one year.

A reexamination of the record, the statutes and the cases cited impels us to adhere to such conclusion.

The question of whether our conclusion is in conflict with the case of In re Estate of Shive (supra) must be decided in the negative. The litigation presented in that case had to do with the right of the administrator of the estate of a surviving spouse who died subsequent to her husband and to whom the year's allowance had not been set off because of fraudulent representations that there was, as of the date of the death of the husband, no surviving spouse, to reopen the husband's estate more than eight months after filing the final account under the provisions of §10506-40 GC.

The court on pages 170 and 171 said:

"Having determined the right of the Probate Court to reinstate or reopen the estate of Simon A. Shive, we pass to a consideration of the right of the estate of Ada Belle Shive to the year's allowance provided for the widow in §10509-74 GC. If the estate of Simon A. Shive were not fully settled and administered the estate of Ada Belle Shive would be entitled to such allowance and in similar cases the courts of this state have consistently so held. But the administrator of the estate of Simon A. Shive claims that since the latter's estate was closed the allowance does not survive to her estate and her estate cannot avail itself of such allowance."

\* \* \* \*

"Clearly the appraisers of the estate of Simon A. Shive failed to discharge the duty imposed upon them by §10509-74 GC, to set off to Ada Belle Shive, his widow, her year's allowance and under these conditions it became and was the duty of the judge of the probate court to fix that allowance upon evidence submitted, which he did, and with whose finding the court of common pleas did not interfere and with the judgment of the latter court this court will not interfere."

It is argued by the exceptor appellee that the journal entry in which $600.00 was awarded to the estate of the widow indicated that a full year's allowance was given when the record discloses that she survived her husband by approxi-

mately seven months. However, such a conclusion is not based upon anything except speculation. It might be that the court allowed approximately one-half of the remaining assets of the estate without any regard to a specific amount per month. It does not appear that any question was raised whether the allowance for support was to be for seven or twelve months.

The Shive case does not decide the issue here presented and therefore is not in conflict.

McNAMEE, J. concurs.

HURD, J, dissents. (See supplemental dissenting opinion)

## DISSENTING OPINION SUPPLEMENTAL

### OPINION

By HURD, J: (Dissenting) (Supplemental):

Since writing a dissenting opinion herein, based solely on the proposition that this case was not before this Court for determination on the merits, a motion to certify has been filed on the ground of conflict with the decision of the Court of Appeals of the Seventh District, in **Matter of Estate of Shive, 65 Oh Ap 167.**

Believing that the motion to certify should be allowed, I think it proper now to express my views on the subject matter contained in the majority opinions.

I am unable to agree with that part of the majority opinion which holds:

"that if after the husband dies his wife dies also within the period of one year, the obligation of support must end as of the date of her death, and such fact should be considered in setting off the widow's allowance for support if her death occurs before the appraisers act under §10509-74 GC * * *."

The statutes do not so provide and this court may not indulge in judicial legislation. If there is to be any change in the widow's year's allowance, as fixed by statute, to correspond with the number of months short of a year, by which she survives her deceased spouse, that change must be made by legislative enactment and not by judicial decree.

The courts of this state have held that the widow's year's allowance becomes a vested right of property which "goes immediately into her hands" upon the death of her husband.

This proposition is established by the following cases:

**Dorah's Admr. v. Dorah's Exec. 4 Oh St 292; Bane v. Wick, 14 Oh St 505; In re Estate of Crouse, 44 Oh Ap 31; In the Matter of Estate of Shive, 65 Oh Ap 167.**

The substance of the holding in the Dorah case, supra, is that the widow's allowance fixed by the appraisers in the absence of an appeal to the court, is a vested right of property which accrues to her absolutely immediately upon the death of her husband and is not divested by her death or by any other contingency.

In that case, the widow died 24 days after her husband's death and the court in holding that a balance unconsumed at her death could be recovered by her personal representative, held, as appears by the syllabus:

"1. The death of a widow to whom an allowance has been made under the forty-fifth and forty-sixth sections of the administration law (38 O. L. 154; see Sec. 6040 Rev. Stat.) before the expiration of the year, and before it has all been expended in her support, does not bar the right of her executor to recover the amount unpaid, from the executor of her husband.

2. Such allowance confers a vested right of property and is not divested by her death or by any other contingency, occurring after the amount has been fixed and allowed by the proper tribunal.

3. Whether, upon petition for such cause, the amount might be diminished by the probate court under the forty-eighth section." Quare

In **Bane v. Wick, 14 Oh St 505,** the Court had for consideration, exceptions to a report of a master who grounded his finding on the proposition that the allowance required to be set off to the widow for her year's support is a personal privilege in her favor, which she may ask for or not, as she thinks proper. That, if she does not, her personal representative cannot claim the benefit of it after her death, when she in her lifetime neither needed nor asked for it. In overruling this finding of the master and sustaining the exception, the court said in part, at page 513:

"The statute which gave the right, did not make it depend upon her necessities nor upon her asking or omitting to ask for it. It was the express duty of the appraisers to set it off to her, either in property, or money, and without regard to whether her husband died testate or intestate.

**Collier v. Collier, 3 Oh St 369.** The property to be set off or the sum of money certified to be necessary for the purpose, is not to be included in the inventory but in a separate schedule."

"The sum thus certified is classed among the debts, and is the second class which it is made the duty of the executor or administrator to pay. * * *."

The court then quoted from Dorah's Admr. v. Dorah's Exc. with approval, including the conclusion that:

"the allowance conferred a vested right of property and was not divested by her death."

The court then held that the executors of the widow:

**"should be allowed what would have been a sufficient amount for such year's support, and the same might be ascertained and fixed by the master in taking the account."** (Emphasis ours.)  Syl. 3, Pg. 506.

In re Estate of Crouse, supra, the widow died some twelve years after her husband. In 1931, about fifteen years after the husband's decease, an application was made in Probate Court asking that said Court order a year's maintenance to be set off from the estate of the deceased husband for the benefit of the estate of the deceased wife. The application was granted and on appeal to Common Pleas Court the same finding was made and the Court of Appeals affirmed the judgment of both Probate and Common Pleas Courts.

In the matter of Estate of Shive, supra, the widow died seven months after her husband's death and it was there held that her right to a year's allowance could not be denied her estate even though it had not been set off to her.

In the Shive case the estate had been closed within the statutory period and was reopened for the purpose of allowing to the widow her statutory widow's exemption and widow's allowance. The following language at pages 170 and 171 of the opinion are, I think, pertinent to this discussion:

"Having determined the right of the Probate Court to reinstate or reopen the estate of Simon A. Shive we pass to a consideration of the right of the estate of Ada Belle Shive to the year's allowance provided for the widow in §10509-74 GC. If the estate of Simon A. Shive were not fully settled and administered, the estate of Ada Belle Shive would be en-

titled to such allowance, and in similar cases the courts of this state have consistently so held. But the administrator of the estate of Simon A. Shive claims that since the latter's estate was closed the allowance does not survive to her estate, and her estate cannot avail itself of such allowance."

The concluding paragraph of the opinion is as follows:

"**Clearly the appraisers of the estate of Simon A. Shive failed to discharge the duty imposed upon them by §10509-74 GC, to set off to Ada Belle Shive, his widow, her year's allowance, and under these conditions it became and was the duty of the Judge of the Probate Court to fix that allowance upon evidence submitted which he did, and with whose finding the Court of Common Pleas did not interfere and with the judgment of the latter court this court will not interfere.**" (Emphasis ours.)

Having the highest respect for counsel who have well and ably set forth their respective arguments on the question here discussed, I deem it proper to note here that counsel for appellant stated in argument on Jan. 17, 1950, that a reversal of Judge Van Horn's ruling in this case might furnish a basis for certification to the Supreme Court on the ground of conflict with the decision in the case of In re Estate of Shive, supra. Counsel for appellant now say. in their brief contra motion to certify, that

"the further information supplied by counsel for appellee serves to indicate that the ruling in the Shive case was the result of special circumstances indicating no conflict with the holding of this Court now under examination."

The concluding paragraph of the Shive case above quoted shows. that the Probate Court set off and fixed the year's allowance on evidence submitted. The evidence in the form of stipulations of counsel and the certified copy of the journal entry attached to the motion to certify on the ground of conflict, clearly shows that over two years after the death of the decedent and approximately two years after the death of the widow, the probate court set off "to the surviving spouse or her estate" the exemption provided therefor under §10509-54 GC, and then set off the year's allowance in these words:

"That the year's allowance to the widow was not fixed by the appraisers of the estate of Simon A. Shive although she

was entitled to the same while living and her estate is now entitled to the same." (Emphasis ours.)

Now, whether we conclude that the allowance of $600.00 in that case was computed at the rate of $50.00 per month for one year as contended by appellee, or whether it was computed on the basis of 50% of the net estate as contended by appellant, the principle remains the same and I think places the majority decision in this case directly in conflict with the decision of the Court of Appeals for Columbiana County in the Shive case, when it affirmed the judgment of the Common Pleas Court, which in turn had affirmed the judgment of the Probate Court.

Passing now to a discussion of later Supreme Court cases, it has also been held in conformity with statute that the widow's allowance under §10509-74 GC, is a debt and a preferred claim against the husband's estate deductible before a determination of the share of the estate which may be taken under the statute of descent and distribution. In this respect it is comparable to the allowance given to the surviving spouse (widow or widower) under §10509-54 GC.

It was so held in the case of **Davidson v. Miners & Mechanics Savings & Trust Co. Excr. et al, 129 Oh St 418,** the 2nd paragraph of the syllabus of which is as follows:

"The widow's year's allowance and the allowance given to her under §10509-54 GC are a debt and preferred claim respectively, against her deceased husband's estate, deductible before a determination of the share of the estate to be taken by the widow under the statutes of descent and distribution."

The foregoing syllabus is quoted with approval and embodied in the opinion of Stewart J., in the case of **Raleigh v. Raleigh, 153 Oh St 160,** decided March 8, 1950, with the concurrence of a unanimous court, the first paragraph of the syllabus of which is as follows:

"The allowance given a surviving spouse under §10509-54 GC, is in the nature of a debt and preferred claim against the deceased spouse's estate, and if a selection of property is not made or money in lieu thereof is not received by the surviving spouse during his lifetime, his personal representative may claim the allowance after the surviving spouse's decease."

While there are differences in nature and character, I see no distinction in principle between the widow's year's allowance under §10509-74 GC and the allowance given to the surviving spouse under §10509-54 GC. Both provisions accrue to the benefit of the widow immediately upon the death of her spouse; both are debts and preferred claims against the estate of the deceased spouse and in event of the death of the widow (except under the provisions of §10503-18 GC) her personal representative may claim the allowance after her decease.

The appellant seems to place some reliance on the case of **In re Estate of Metzger, 140 Oh St 50.** In my opinion, that case is not analogous, the question there presented being entirely dissimilar to the facts of the instant case. In that case the wife died within three days after the death of her husband. The syllabus is as follows:

"When a wife expires within three days after the death of her husband, or within thirty days from his demise, if their extinction is attributable to a common accident, he is deemed to have died last and his estate passes and descends accordingly, under §10503-18 GC. In such circumstances, there is no widow within the meaning and intent of the statute and no year's allowance under §10509-74 GC, and no property not treated as assets under §10509-54 GC, may be claimed by her personal representative."

Undoubtedly counsel have cited that case because of the language used by Zimmerman, J., in stating the purpose of §10509-74 GC, but in view of the facts, that language must be considered as obiter dicta for at page 53, the court said:

"Of course, if a wife dies in the ordinary course of events or from independent injuries more than three days after the death of her husband, or, if she succumbs more than 30 days after her husband's demise, when she and he have been fatally hurt in a common accident, §10503-18 GC, is without application. **Such contingencies are foreign to the pending litigation.**"

Therefore, the application of the Metzger case must be confined to the narrow limits set forth in the syllabus, where death occurs as a result of a common accident. In such circumstances, there is of course as stated no widow within the meaning of the statute.

In the case of Estate of Raleigh, supra, the Court of Ap-

peals of Summit County as authority for its view, cited the case of In re Metzger. In the opinion reversing the Court of Appeals, Stewart J., in referring to the Metzger case, said:

"However, the Metzger case was entirely dissimilar to the instant case and simply decided as the syllabus states."

Without laboring the point further, it appears that the great weight of authority in Ohio is to the effect that the widow's year's allowance is a vested right of property which is a preferred claim against the estate of the deceased spouse and which enures not only to her benefit but at her death to the benefit of her estate as well.

In summation, therefore, it seems to me that:

(1) This court may not in the absence of a bill of exceptions setting forth the evidence which was before the Probate Judge on the appeal from the order of the appraisers modify or reverse the judgment of the Probate Court;

(2) There is no error manifest on the face of the record;

(3) That even though this case is not before us on its merits nevertheless the law of Ohio, both statutory and case law, is such that a widow may not be deprived of her vested right of a year's allowance which is not divested by her death or any other contingency and if she should die before the year expires her estate or personal representative may not be deprived of either the year's allowance or the balance, if any, remaining in the administrator's hands.

It appears to me that situations such as this would not arise if the executors or administrators would be prompt in causing the probate court to appoint appraisers seasonably and further, if the appraisers would promptly proceed to discharge the duties imposed upon them by law to fix the year's allowance. We would have an anomolous situation if in every case the administrator or executor or the appraisers would delay fixing the year's allowance to determine whether or not the widow would survive the period of one year after the death of her husband. This could only lead to confusion and a disregard of the intent and purpose of the probate laws governing the administration of estates. In the words of Justice Ranney, used in another connection in Dorah's case, "it would be interpolating into a statute a contingency never contemplated by the legislature."

For the reasons stated it is my opinion that the judgment of the Probate Court should be affirmed, and, failing this, the case should be certified to the Supreme Court on the ground of conflict with In re Shive, supra.